## Devers, Appellant, *v.* York City.

*Municipalities—Validating ordinances—Salary—Acts,* 1887, 1889.

An ordinance was passed fixing the salary of the office of city assessor, under the Act of May 24, 1887, P. L. 204, subsequently declared unconstitutional.   By Act of May 13, 1889, P. L. 196, the existing councils were declared to be and to have been legally constituted councils and their ordinances were validated and declared to be in full force.   On May 23, 1889, P. L. 277, a general Act for the government of cities under a new classification was passed, providing for the election of city assessors and that all ordinances of any of said cities theretofore legally passed not inconsistent therewith should be valid and remain in force until altered or repealed.   Plaintiff was subsequently elected city assessor, after which an ordinance was passed fixing the salary at a lower rate.

*Held,* that the Acts of 1889, made the original ordinances valid and restored the office ; and the compensation being thus fixed could not be changed during the term of office, under art. 5, § 13 of the Act of May 23, 1889.

Argued May 18, 1892.   Appeal, No. 334, Jan. T., 1892, by plaintiff, from judgment of C. P. York Co., Aug. T., 1891, No

56, on verdict for plaintiff for less than the amount of his claim, in assumpsit for salary as city assessor. Before Paxson, C. J., Sterrett, McCollum, Mitchell and Heydrick, JJ.

The evidence, at the trial, before Latimer, P. J., was to the following effect: Plaintiff was city assessor of defendant city, a city of the fifth class, under Act of May 24, 1887, art. 19, § 1, P. L. 204. March 30, 1888, an ordinance was passed fixing the compensation of city assessor at three dollars per day. On Jan. 7, 1889, that Act was declared unconstitutional, in Ayars' Ap., 122 Pa. 266. The Act of May 8, 1889, P. L. 133, re-classified the cities of the state and York fell into the third class. The Act of May 13, 1889, P. L. 196, declared the *de facto* councils of cities to be and to have been legally constituted, and validated and declared to be in full force all ordinances duly passed by them. On May 23, 1889, P. L. 277, a general Act for the government of cities of the third class was passed. Art. 15, § 1, provides for the election of city assessors. Art. 19, § 2, provides that " all ordinances of any of said cities heretofore legally passed not inconsistent with such provisions are hereby made valid and shall be and remain in full force and virtue until altered or repealed." In February, 1890, plaintiff was elected city assessor. On Oct. 14, 1890, an ordinance was passed fixing the salary of city assessor at $2.50 per day, the total compensation not to exceed $225 in any year. Plaintiff claimed for 201 days at $3 per day, but defendant refused to pay more than $225.

Plaintiff offered statement and affidavit of defence to show admission of fact, as to classification of defendant as a city. Objected to, excluded and bill sealed. [2]

Plaintiff offered ordinance of March 30, 1888, to fix compensation. Objected to as illegal, rejected and bill sealed. [1]

Plaintiff's points were as follows :

" 1. The ordinance of March 30, 1888, was valid; and, being unrepealed at the time of plaintiff's election as one of the city assessors, the compensation therein fixed at $3 per day could not lawfully be increased or diminished during the term for which he was elected by the defendant. The verdict of the jury must be for the plaintiff for $3 for each day in which plaintiff was actually engaged in the duties of his office.

*Answer* : I answer that that point is not correct,—that the ordinance of March 30, 1888, was invalid and void. [3]

" 2. The plaintiff is entitled to interest from the termination of his services, which from the uncontradicted evidence was Feb. 25, 1891, upon such an amount as the jury shall say under the instructions of the court was due plaintiff. *Answer* : That point is not correct. The plaintiff is entitled to interest on the sum of $225, his annual salary, from the first Monday of April to the day of the date of the rendition of this verdict."

The court charged as follows, *inter alia*:

" As I have already stated in your hearing in ruling upon offers of evidence, I regard the ordinance of March 30, 1888, as of no legal validity or effect. The result of that is that there was no ordinance of the city of York in force at the time when Mr. Devers was elected, nor at the time when he commenced the performance of his duties, fixing the compensation to be received therefor. But on Oct. 14, 1890, the city councils of the city of York passed and the mayor approved an ordinance fixing the compensation of the city assessors at two dollars and a half per day, the compensation for any one year, however, not to exceed $225. I regard that ordinance as a valid exercise of legislative powers by the defendant, the city of York, in this case, and that it did fix the compensation which this plaintiff is entitled to recover. The defendant concedes that under that ordinance the plaintiff is entitled to recover the sum of $225 with lawful interest from the first Monday of April, which was the terminus of the first year of his incumbency of the office.

" It will be your duty, therefore, to render a verdict for the plaintiff and against the defendant for the sum of $225, with interest from the first Monday of April to the day of the date of this verdict,—which amounts to $5.60. The total amount of the verdict proper to be rendered in favor of the plaintiff will be $230.62." [5]

Verdict and judgment accordingly, whereupon plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, (3, 4) answers to points, and (5) charge ; quoting bills of exception, points, answers and charge, as above.

*Henry C. Niles*, with him *W. F. Bay Stewart* and *George E. Neff*, for appellant.

*Robert F. Gibson*, City Solicitor, and *V. K. Keesey*, with them *Charles A. Hawkins*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

When the ordinance of March 30, 1888, was passed it had apparently all the requisites of validity, passage in due form, by the regularly elected councils of a city of the fifth class under the Act of May 24, 1887, P. L. 204. All of these elements existed *de facto*, and were supposed to exist *de jure*. Under this supposition the city organization had been made, officers elected, their compensation fixed, and the general business of a city put in operation. When the Act of 1887 was declared to be unconstitutional, in Ayars' Appeal, 122 Pa. 266, the result was intolerable confusion. Public measures which had been undertaken, and rights which had been acquired in the utmost good faith were set aside and ended on the instant. This condition of affairs existed all over the state, and called imperatively for relief. The Legislature met the crisis promptly and effectually by the Act of May 13, 1889, P. L. 196, by which the existing councils were declared to be and to have been legally constituted councils, and their ordinances were validated and declared to be in full force. The intent of this Act is perfectly clear. It was to make all the *de facto* municipal bodies *de jure*, and to render all their acts, done in their *de facto* capacity, valid and effective in law. It was a universal statute, making no exceptions, as there was no room for any. No foresight, legislative or other, could have discriminated among the vast mass of ordinances in all the cities similarly situated, which would be required to bring order out of this chaos. The Legislature did not attempt it. It validated them all.

We have then an ordinance applicable to an existing office, both supposed to be legal and operative. Both fail together by the failure of the foundation on which they rested alike. The Legislature at once restores the ordinance and says it shall be "valid and in full force," and immediately after restores the office and makes it also *de jure*. When the office was thus reinstated it found an ordinance applicable to it, already existing. The order of dates of the two statutes is entirely

immaterial. They are parts of the same legislative effort, to repair the mischief which the invalidity of the previous Act had brought about, and to ratify everything that had been done under it, as broadly and as conclusively as if it had been legally authorized in the first instance.

Even if there were a doubt on this point, the same result would be reached by the force of article 19, sec. 2, of the Act of 'May 23, 1889. The 'same statute whifeh restores the office, also makes valid all the ordinances theretofore legally passed and declares that they shall be in full force until repealed or altered. The office and the ordinance were parts of the old system, and it was intended to restore them together as alike parts of the new.

When therefore the plaintiff was elected in .1890 the ordinance of 1888 was an existing and valid ordinance within not only the manifest intent but also the plain words of the Act of May 13, 1889. It fixed the appellant's compensation, and this could not be changed during his term. Act of May 23, 1889, art. v, § 13, P. L. 289.

The authority of the Legislature to ratify whatever it might have authorized is beyond question: Donley v. City of Pittsburgh, 29 W. N. 362, and cases there cited.

Judgment reversed and venire de novo awarded.