## Melick, Appellant, *v.* Williamsport.

*Statutes—Municipalities—Public officers—Act of May 13, 1889.*

Under the act of May 13, 1889, P. L. 196, validating the ordinances and resolutions of councils of municipalities organized under the unconstitutional act of May 24, 1887, P. L, 204, the salary of a city assessor, authorized by ordinance, may be paid, although the office of city assessor existed at the time only under the unconstitutional act, and was not legally created until the passage of the act of May 23, 1889, P. L. 277.

The intent of the act of May 13, 1889, was to ratify all municipal action based on the act of 1887, and to declare that if it would have been valid under that act it shall be treated as valid now.

Therefore for the purposes and to the extent of what had been done under the ordinance, the office of city assessor must be treated as having had a legal existence.

Argued March 14, 1894.  Appeal, No. 373, Jan. T., 1894, by plaintiff, H. B. Melick, from judgment of C. P. Lycoming Co., Dec. T., 1892, No. 401, in favor of defendant on case stated.    Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.    Reversed.

The case stated was as follows :

" That at the municipal elections held the third Tuesday of February, 1888, H. B. Melick, above named as plaintiff, was elected city assessor of the city of Williamsport for the year commencing the first of April following said election, by the qualified voters of said city, under the provisions of the act of May 24, 1887, providing inter alia for city assessors.

" That the select and common councils of said city passed an ordinance providing for the compensation of city assessors approved by the mayor of said city March 19, 1888, fixing the salary of each city assessor at the sum of $250 for the first year, being the year of the plaintiff's election to said office.

" That the said plaintiff was duly qualified and entered upon the duties of said office as defined by said act and assessed all the real property in said city, being employed for several months in so doing, and performed such other duties as pertained to said office.

" That upon presentation of his claim for compensation, as provided by the aforesaid ordinance, to the city controller, for his signature, he refused to countersign the same ; alleging that there was no authority of law for so doing.

" That the said plaintiff employed counsel and prepared to bring suit against the defendant for the labor and services done and performed by him in his office of city assessor for which defendant had assumed to pay the amount set out in the ordinance, when, at the suggestion of members of council, a compromise was effected, by the terms of which, in consideration of plaintiff's agreeing not to sue and endeavor to collect the whole amount of his claim, an ordinance should be passed providing for the payment of the sum of $125, to which plaintiff assented and brought no suit, and councils passed ordinance

No. 382, file of common councils, which was returned by the mayor without his signature on March 17, 1890.

" That notwithstanding said agreement of compromise, the city controller of the city of Williamsport has refused and continues to refuse to countersign a warrant for the payment of the sum of $125, being the one half of the amount fixed by the original ordinance under said agreement of compromise, whereupon plaintiff brought this suit to recover the amount of $125 with interest if entitled thereto.

" That on January 7, 1889, the Supreme Court of Pennsylvania declared the act of May 24, 1887, to be unconstitutional and void.

" It is hereby agreed that if the court be of opinion that upon the foregoing facts as admitted and agreed upon, the plaintiff is entitled to recover, then judgment is to be entered in favor of the plaintiff for the said claim and costs ; otherwise judgment to be entered for the defendant for costs. Each party expressly reserving the right of appeal to the Supreme Court."

Judgment for defendant. Opinion by SAVIDGE, P. J., specially presiding.

*Error assigned* was order as above.

*H. C. McCormick, A. W. King* and *S. T. McCormick* with him, for appellant, cited: Act of May 13, 1889, P. L. 196 ; Act of May 23, 1889, P. L. 332 ; Devers v. York City, 150 Pa. 208 ; Donley v. Pittsburg, 147 Pa. 348.

As to validity of consideration for compromise by ordinance : Parsons on Contracts, p. 438 ; Chamberlain v. McClurg, 8 W. & S. 37 ; O'Keson v. Barclay, 2 P. & W. 531 ; McCoy v. Hutchinson, 8 W. & S. 66 ; Cahoon v. Hollenback, 16 S. & R. 425 ; Robinson v. Eldridge, 10 S. & R. 143 ; Gormley v. Gormley, 130 Pa. 467 ; Turnpike Co. v. Hendel, 11 S. & R. 123 ; Bennet v. Paine, 5 Watts, 261.

As to right of municipality to effect compromise : Cooley's Const. Lim. 194 ; 1 Dillon's Mun. Corp. § 477 ; 15 A. &. E. Ency. L. 1049 ; Petersburg v. Mappin, 14 Ill. 193 ; Agnew v. Brall, 124 Ill. 312 ; Hall v. Baker, 74 Wis. 118 ; Kane v. Fond du Lac, 40 Wis. 495 ; Collins v. Welch, 58 Iowa, 72 ; Board

of Liquidation v. R. R., 2 A. & E. Corp. Cas. 156; Tuttle v. Weston, 2 A. & E. Corp. Cas. 168; Prout v. Fire Dist., 154 Mass. 450.

*N. M. Edwards*, city solicitor, for appellee, cited: Ayar's Ap., 122 Pa. 284; Norton v. Shelby County, 118 U. S. 442; Com. v. Harding, 87 Pa. 353; Hildreth v. McIntire, 1 J. J. Marsh, 442; Meagher v. County, 5 Nev. 244; City v. Sears, 2 Col. 588; Dillon's Mun. Corp. §§ 230, note 1, 274, 276, 457, 935; Phila. v. Flanigen, 47 Pa. 21.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1894:

The effect of the unconstitutionality of so important a statute, under which so much had been done, as the act of May 24, 1887, P. L. 204, dividing cities into classes, was, as said in Devers v. York, 150 Pa. 208, intolerable confusion, and the legislature when it addressed itself to the task of providing a remedy, intended to make it complete, as far as lay in its power. The act of May 13, 1889, P. L. 196, therefore declared all the existing councils " to be and *to have been* legally constituted councils," and all their ordinances and resolutions were validated and declared to be in full force. The operation of the act was intended to be upon the past even more than upon the future, for the future would be taken care of by the act of May 23, 1889, P. L. 277, for the incorporation of cities of the third class, which was proceeding on its legislative passage pari passu with the other act. But the past required a special and additional remedy, and that was given by declaring the councils to have been legal, and their ordinances to be valid. But how can an ordinance fixing the salary of an officer be valid or have any effect as to the past unless there was an office to which it could apply? To make valid the ordinance was therefore necessarily to declare that, for the purposes and to the extent of what had been done under it, the office must be treated as having a legal existence.

The learned judge below thought that though the ordinance was made valid, the office was not created until the passage of the later act, and therefore not being in existence when the plaintiff was elected, the ordinance could not apply. The strict letter of the act of May 13th might countenance this view,

but such a construction would deprive the act of the greater part of its intended benefit. It is not merely a question of this office, or this officer's salary, but of the whole municipal action. If there was legally no assessor, then the assessments and valuations of property, and perhaps the taxes paid thereon, would go for naught, and we get back again at once to the confusion meant to be prevented. As the true intent of the statute is not in the least in doubt, it will not do to stick in the letter of its terms. It specifies ordinances and resolutions, but it also declares the councils to be and to have been legally constituted, and its whole tenor makes clear its purpose to validate all municipal action based on the act of 1887, and to declare that if it would have been valid under that act, it shall be treated as if valid now. The plaintiff was elected in February, 1888, to an office supposed to have a legal existence, and to which a salary attached by virtue of an ordinance having all the forms of law. He performed the duties of the office and would have been entitled to the salary but that both office and ordinance failed together by the failure of the statute on which they rested. The legislature immediately validated the ordinance and restored the office by the acts of May 13 and May 23, 1889. The result was to make legal what before had only the appearance of legality. As said in Devers v. York, supra, "the order of dates of the two statutes is entirely immaterial. They are parts of the same legislative effort to repair the mischief which the invalidity of the previous act had brought about, and to ratify everything that had been done under it, as broadly and as conclusively as if it had been legally authorized in the first instance."

The principles on which that case, and Donley v. Pittsburg, 147 Pa. 348, were decided, are applicable to the present case, and control its decision.

Judgment reversed, and judgment is now entered for plaintiff.