## Philadelphia, Appellant, *v.* Sciple.

*Municipal liens—Scire facias—Philadelphia county—Act of July* 26, 1897, *P. L.* 420.

A municipal claim filed by the city of Philadelphia for the cost of removing a nuisance from a lot, loses its lien if a scire facias is not issued and prosecuted to judgment within five years from the date of filing the claim.

The Act of July 26, 1897, P. L. 420, does not apply to a municipal claim filed by the city of Philadelphia for the cost of removing a nuisance from private property.   The act is to be strictly construed as applying only to the particular class of claims specifically described therein.

Argued Oct. 5, 1904.   Reargued Oct. 3, 1905.*   Appeal, No. 259, Oct. T., 1904, by plaintiff, from order of C. P. No. 2, Philadelphia Co., March T., 1892, No. 5, M. L. D., making absolute rule to quash a writ of scire facias in case of City of Philadelphia v. Henry M. Sciple, owner or reputed owner, and Samuel Wilson, registered owner.   Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to quash scire facias.

---

* The opinion ordering reargument was as follows:

PER CURIAM, May 16, 1905:

The application of the Act of July 26, 1897, P. L. 420 to the city of Philadelphia and to the class of claims therein described, which, though filed prior to the date of its approval, were liens at that date, was considered in Philadelphia v. Hey, 20 Pa. Superior Ct. 480.   Whether the claim involved in this case belongs to that class is another question, not discussed and not necessarily decided in that case.   Without intending to limit the scope of the reargument we call attention to that question.

Now May 16, 1905, a reargument is ordered.

WILTBANK, J., filed the following opinion:

This is a claim filed against a lot of ground therein described for the cost of the removal of a nuisance. It was filed April 8, 1892. On April 8, 1897, a sci. fa. issued, and was returned made known as to Thomas H. Gessner, actual and present owner, and nihil habet as to Henry M. Sciple and Samuel Wilson, registered owners. On April 30, 1897, an affidavit of defense was filed by Thomas H. Gessner, which set forth that the claim was not filed within six months from the time of the completion of the work, and that the writ was not issued and served according to the statutes. The cause then rested, apparently in course for trial. On January 14, 1902, a sci. fa. issued to show cause why " the said claim should not be revived for the term of five years." This was served by posting and advertising, as appears by the return of the sheriff. On April 24, 1903, the defendants Sciple, Wilson and Gessner appeared by counsel and thereupon procured a rule on the plaintiff to show cause why the scire facias second above noted, to wit: of January 14, 1902, should not be quashed.

The dates shown by the record suggest the question whether the claim is affected by the Act of July 26, 1897, P. L. 420. If it is not preserved by that act it falls, because not prosecuted to judgment within five years of the issue of the first sci. fa. thereon, as required by the Act of April 16, 1840, P. L. 410. The plaintiff contends that the second sci. fa. is necessary to preserve it.

The act of July 26, 1897, provides that " all municipal claims, where the same are the final assessments made upon the property or properties to pay the costs, expenses or damages, or either of them, of any municipal improvements in any city, borough, township or other municipal division of the state, which have been heretofore, or which shall hereafter be filed in the office of the prothonotary of any court of common pleas of the proper county as liens " . . . . (if made according to the provisions of the law) . . . . " shall be and continue to be and remain liens on the respective properties until fully paid and satisfied " . . . . " provided that a writ of scire facias shall be issued to revive and continue the said lien within the period of every five years after the lien is filed according to the practice in municipal claims; but failure to prosecute any scire facias

to judgment within the five years from the issue thereof shall not invalidate or destroy the said lien."

It was conceded that the removal of a nuisance was within the class of improvements provided for.

It was contended that the act applies to the case at bar, and that, under it, an alias scire facias may, and indeed must go out within each period of five years of the running of the claim unpaid, notwithstanding that the defendant has put his defense on record under the first writ and it remains with the plaintiff to advance to trial and judgment. The practical result contended for is that although an affidavit of defense in response to the demand of the first sci. fa. has been duly filed, and the plaintiff has thus been put in a position to require a plea and proceed to a trial if necessary, he may yet institute another action and necessitate another affidavit, and again do the same thing at recurring intervals of five years until the charge is finally adjudicated. We do not regard this construction of the statute as correct. It was not intended that suits should be multiplied and the defendant vexed by cumulative litigation. The costs alone would be heavy. One issue is adequate to determine the right, and this the plaintiff has at hand under his first scire facias. To argue otherwise is to set up that two or more issues, in two or more writs upon the same lien, are necessary, or at least according to statutory prescription; and if this is so, it may be asked, the determination of which issue is to prevail? And if a judgment is had in one, may it be pleaded in another? Or may the pendency of the other writs upon which a defense is entered be pleaded in abatement of one at bar? The act was not framed to countenance these niceties, and it embodies by reference the established "practice in municipal claims." As there is under it no limitation of time in the procedure on the claim filed, so that, if it applies, the second writ has not been necessary to preserve a lien which would otherwise fail, we must hold the plaintiff to the pending action on the original.

It appears clear that the intention of the act was to save a plaintiff, duly pursuing his claim, from the effect of mere lapse of time, which under the earlier legislation often worked an injury independently of the merits of a given case. An arbitrary limit to the right to recover in a just cause had been

64, (1906).]   Opinion of Court below—Opinion of the Court.

found prolific of injustice.   Delays of which a claimant was not the author and which he could not avert or remedy brought him towards the time for the extinguishment of his right of action which the court, however meritorious his motion and consonant with our established principles of equity, had no power to extend: Philadelphia v. Carr, 21 W. N. C. 444; South Easton v. Norton, 2 North, 130; Philadelphia v. Hanbest, 15 W. N. C. 349; Norton v. Dietrich, 1 North, 129; Philadelphia v. Scott, 93 Pa. 25; Meason's Est., 4 Watts, 341.

We have reached our conclusion without determining the application of the act of 1897 to the case at bar.   For the present it is sufficient to rule that if it applies, it applies with respect to the preservation of the lien after the five years. Whether or not it does apply so as to preserve the lien may, if necessary, be ascertained in this case as our ruling leaves it. On the issues raised under the original writ the plaintiff can vindicate his right as fully as if we permitted him to proceed on his second scire facias, a course for which we have no warrant where there has been raised a proper and unadjudicated issue on the first.   Rule absolute.

*Error assigned* was the order of the court.

*James Alcorn* and *John M. Patterson*, assistant city solicitors, with them *John L. Kinsey*, city solicitor, for appellant.

No appearance nor paper-book for appellee.

OPINION.BY RICE, P. J., May 14, 1906 :

On April 8, 1892, the city filed a claim for the cost of removing a nuisance, consisting of stagnant water, from a lot duly described in the claim, and on April 8, 1897, issued a sci. fa., which was returned made known to Thomas H. Gessner, the actual and present owner, and nihil habet as to Henry M. Sciple, the reputed owner, and Samuel Wilson, the registered owner, named in the claim.   On April 30, 1897, Gessner filed an affidavit of defense.   There the case rested without any attempt on the part of the city or the defendant to have it put at issue and brought to trial, until January 14, 1902, when a sci. fa. was issued to show cause why the claim should not be

revived for the term of five years, and why the sum claimed should not be levied of the premises, etc. This writ was returned, made known by posting and advertising, and nihil habet as to Gessner, Sciple and Wilson. In January, 1903, they appeared by counsel and obtained a rule to show cause why the second sci. fa. should not be quashed. This appeal is from the order making absolute that rule.

The counsel for the plaintiff rely solely upon the Act of July 26, 1897, P. L. 420, as authority for issuing the second writ, and contend that it was necessary to issue it in order to preserve the lien. The application of the act to the city of Philadelphia and to the class of claims therein described, which, though filed prior to the date of its approval, were liens at that date, must be conceded, in view of our decision in Philadelphia v. Hey, 20 Pa. Superior Ct. 480. Whether the claim under consideration belongs to that class is another question, not decided in that case, which we shall consider later. The learned judge below, without expressing an opinion as to the application of the act, held, that, if it does apply, the issuing and serving of the first writ and the filing of an affidavit of defense thereto were effective to preserve the lien indefinitely, and therefore there was neither occasion nor authority for issuing the second writ. Speaking of the act he said : " As there is under it no limitation of time in the procedure on the claim filed, so that, if it applies, the second writ has not been necessary to preserve a lien which would otherwise fail, we must hold the plaintiff to the pending action on the original." It is true the act declares that the claim duly filed shall continue to be and remain a lien " until fully paid and satisfied ; " but this is upon the condition thus stated in the second proviso : " That a writ of scire facias shall be issued to revive and continue the said lien within the period of every five years after the lien is filed according to the practice in municipal claims." If the legislature had stopped here, it might be argued with a degree of plausibility that what was meant by the words " according to the practice in municipal claims " was that the sci. fa. must be prosecuted to judgment within five years. We do not say that this would have been the proper construction ; but the legislature, in order to prevent doubt upon the subject, added the words " but failure to prosecute

any scire facias to judgment within the five years from the issue thereof shall not invalidate or destroy the said lien." To hold that the lien is preserved indefinitely by the issuing and service of a scire facias within five years after the claim was filed would give the above-quoted clause the effect of nullifying the proviso, or at least, of making it read as if the word " every " had been omitted, whereas the proviso, construed according to its plain general intent, qualifies what follows as well as what precedes it, and therefore requires the issuing of a scire facias within every period of five years.  By this construction all parts of the act are harmonized without the rejection of any of the words by which the legislature chose to express its will.  The position of the proviso in the act is not conclusive against this construction.  " While the position of a proviso in a statute has a great and sometimes controlling influence upon the extent of its applicability, yet the inference from its position cannot override its plain general intent : " Devers v. York City, 156 Pa. 359.  We have given due consideration to the argument that under the foregoing construction the defendant might be compelled to appear and file affidavits of defense to successive sci. fas. and thus be vexed by cumulative litigation for the same claim.  But when it is remembered that it is as much within his power as it is within that of the plaintiff to bring the first sci. fa. to speedy trial and final judgment, the argument loses much, if not all, of its force.  It is not of sufficient strength to overcome the plain meaning of the words of the proviso.

The conclusion we have reached as to the construction of the act renders it necessary to pass upon the question whether it applies to a municipal claim filed by the city of Philadelphia for removing a nuisance from private property.  The Act of January 29, 1818, sec. 27, 7 Sm. L. 5, provides that the expense attending the removal of such nuisance shall be recoverable in an action at law by the board of health, in case of the neglect or refusal of the owner or occupier of the premises to remove the same within the time prescribed by the board after due notice.  Section 2 of the supplement of April 7, 1830, P. L. 348, so far as material here, provided : " That the expense attending the removal of any nuisance shall be and remain a lien upon the premises from which such nuisance has been re-

moved, . . . . and the said claims may be filed, recorded and proceeded on by scire facias, to recover the same, in like manner as mechanics' liens are recoverable." These two acts are special and local in their application to the city and county of Philadelphia. The Act of April 16, 1845, P. L. 488, sec. 2 of which was general in its application, provided as follows: " No debt, charge or assessment, for work hereafter done, or materials furnished by or under the authority of the board of health, or any municipal corporation, shall . . . . continue a lien longer than five years from the time of filing the claim, unless revived by scire facias, in the manner provided by law in the case of mechanics' claims." Under the act of 1836 a mechanic's lien expired at the end of five years from the date of filing, unless revived by scire facias, issued within that period, and duly prosecuted to judgment within five years after issuing the writ: Hunter v. Lanning, 76 Pa. 25. It is plain, therefore, that, unless the law relative to a municipal claim of this character was changed by the act of 1897, the lien was gone at the time the motion to quash the second sci. fa. was made. The act of 1897 contains no repealing clause. If it repealed the above-quoted provisions of the acts of 1830 and 1845 it was by implication only. It does not purport to be a revision of the whole subject of municipal claims, but relates only to such as " are the final assessments, made upon any property or properties to pay the costs, expenses or damages, or either of them, of any municipal improvements," and have been filed " within six months from the making or confirmation of any assessment, or within six months from the decree or order of the proper court finally fixing, confirming or approving any assessment, whether said assessment shall have been made by the foot-front rule or according to benefits." If by any latitude of construction a claim filed for the cost of removing a nuisance from private property—a charge imposed by virtue of the police power—could be held to be a municipal improvement claim, the context shows, we think, that the legislature did not have this kind of a claim in view. Moreover, at the same session they amended the Act of May 4, 1889, P. L. 79, and re-enacted that part of it which provides that no lien entered for any municipal improvement shall remain a lien for a longer period than five years from the date of filing " unless the same be revived

and continued by a writ of scire facias within the said period and duly prosecuted to judgment, as in the case of judgment liens : " Act of June 4, 1897, P. L. 122. " Statutes enacted at the same session are to be construed to a certain extent as an entire act, and therefore it is said that in order to make a later enactment repeal a former one passed at the same session there must be an express declaration or an absolute inconsistency ; i. e., there is in such case probably a stronger presumption against an intention to repeal which is unexpressed than in the case of statutes passed at different sessions : " Endlich on Interpretation of Statutes, sec. 188. In White v. City of Meadville, 177 Pa. 643, Justice Dean quoted with approbation this statement of the doctrine taken from Smith v. People, 47 N. Y. 330 : " Statutes enacted at the same session of the legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes in pari materia. Each is supposed to speak the mind of the same legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and effect, so as to give validity and effect to every other act passed at the same session." See also Mansel v. Nicely, 175 Pa. 367. So far as the provisions of the two acts of 1897 are clearly repugnant and irreconcilable it is to be presumed that the legislature intended the act of July 26 to supply the place of the act of June 4. But as to all kinds of municipal claims not clearly embraced within the provisions of the later act the presumption is that the legislature intended to leave in force the former law, which required that the scire facias be duly prosecuted to judgment as in the case of mechanics' and judgment liens.

The question last considered was not distinctly raised and discussed at the first argument of this case. Indeed, it would seem from the opinion of the learned judge below that it was conceded in the argument before him that the claim in question was within the class of claims provided for in the act of July 26, 1887. In view of this, and of the fact that the appellee has not furnished us with a brief, we perhaps would be justified in declining to pass upon the question, if it had not been raised and argued in another case in which the city is plaintiff and which was heard at the same time. Upon the

whole we conclude that the lien of the claim was gone at the time the motion to quash the second scire facias was made and, therefore, the court was right in making the rule absolute.

Order affirmed.