Opinion by
Henderson, J.,
Under the act of June 12, 1893, any one or more of the taxpayers of any township or road district could acquire the right to make at his or their own expense the roads of the township or district with the approval of the court of quarter sessions and in accordance with the procedure in the act prescribed. The validity of this statute is not attacked and since the decision in Lehigh Valley Coal Co.’s Appeal, 164 Pa. 44, its constitutionality cannot be considered doubtful. At the time this act was passed the townships of the state had not been classified and the act therefore applied to all of them. The Act of April 28,1899, P. L. 104, divided townships into two classes, and it was ¡held in Philadelphia & Reading Coal & Iron Co’s, Peti *280 tion, 200 Pa. 352, that the latter act repealed the act of 1893 as to townships of the first class. The legislature then adopted the Act of May 24, 1901, P. L. 294, applying the provisions of the act of 1893 to townships of the first class. The proceeding before us is based on the act of 1901. The appellant contends that this statute is unconstitutional and that there is, therefore, no authority in law for the order appealed from. This is the only question to be considered, it being conceded by the appellant that if the act of 1901 is constitutional that is the end of the case. Three objections are made to its constitutionality: (1) it violates sec. 3 of art. Ill of the constitution which declares that no bill shall be passed containing more than one subject which shall be clearly expressed in the title; (2) it is forbidden by sec. 3 of art. Ill which provides that no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, etc.; (3) it is contrary to sec. 20 of art. Ill which prohibits the general assembly from delegating to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes, or perform any municipal function whatever. The proceeding was on the petition of P. W. McKeown, a property owner and taxpayer in the township of Hanover in Luzerne county, and the order appealed from was made in strict conformity to the provisions of the statute. The act in question is an amendment of the act of April 28, 1899, and the two statutes are to be considered together. The particular respects in which it is alleged the title is defective and insufficient are: (a) that it does not give notice that the provisions of the act of June 12, 1893, are extended to townships of the first class nor does it give notice of the subject of the proviso; (b) it gives no notice by the word “authorizing” or by any other word in the title that the court of quarter sessions may by its- order compel and require -the township commissioners *281 to execute a contract such as is required by the act of June 12, 1893; (c) it gives no notice when the amended act of assembly was approved; (d) it gives no notice that only the first subdivision of sec. 7 of the amended act is thereby to be amended.
With reference to the first of these propositions it may be said that it was not necessary to incorporate in the title a reference to the act of 1893. All that is contemplated in the statute is sufficiently indicated in the title. The method by which the result is to be worked out is fully set forth in the body of the act, but it has never been held that the details of the statute must appear in the title. The distinguishing subject is the authorization of the township commissioners to enter into contracts with taxpayers for the making, amending and repairing of public highways and bridges of the township, and as it appears in the title to be an amendment the reader is put on notice of the act to which the amendment applies. The title shows that the subject to be legislated about is the same as that provided for by the act of 1893. It would be difficult to more clearly comply with the mandate of the constitution in this respect without unduly amplifying the title.
A critical construction of the word “authorized” is resorted to to support the objection that the title gives no notice that the court of quarter sessions may require the township commissioners to enter into a contract, but this we think is not sufficient to warrant the conclusion that the title is defectively expressed. When notice is given in the title that the commissioners may be authorized to enter into such contract inquiry is at once suggested as to the conditions and circumstances under which this authority may be granted and the method by which it is to be exercised. The thing legislated about is contracts for the care of the roads at the expense of a voluntary caretaker, and .the title points directly to this subject and fairly covers the scope of the statute. To “authorize” the commissioners to do a thing is to invest them with *282 power to that effect. Whence this power is derived and under what circumstances it is to be exercised is to be learned by reading the body of the act.
The objection that the title gives no notice when the act to be amended was approved is answered by State Line, & Juniata R. R. Co.’s Appeal, 77 Pa. 429. In that case a supplement was entitled, “A supplement to an Act entitled 'An Act to incorporate the State Line and Juniata Railroad.’ ” The date of the original act was not given, but it was held to be a sufficient title as all the legislation contained in the supplement related to the railroad. There can be no doubt as to the identity of the statute to which the amendment refers. No other is shown to have the same title and as it relates to municipal divisions existing in every county in the state except one, there is no reason for supposing that any confusion or misapprehension could exist with reference to the statute referred to in the act under consideration. The case of Provident Life & Trust Co. v. Hammond, 230 Pa. 407, involved a wholly misleading title. It purported to be an amendment of sec. 21 of an act approved June 27,1879, P. L. 112 but no act was approved on that day. It appeared that what was intended to be accomplished was an amendment of sec. 1 of the act of June 8, 1893, P. L. 353, which was entitled a supplement to the act of June 7, 1879. The opinion of the court shows that it was impossible to ascertain from the title what statute was amended. It is not so in the case under consideration. No other similar title is to be found, and when reference is made to the body of the act its title and date are fully set forth.
The criticism that no notice is given that only a part of sec. 7 of the amended act is thereby amended is not pressed in the argument and need not be considered at length. It would doubtless be conceded by the learned counsel for the appellant that the whole of the section might have been amended and if so, a less extensive alteration could be made.
There are numerous cases which hold that where a mode *283 of procedure has been established by statute or exists at common law an act applying such mode to a new class of cases by general reference to it is a valid enactment although it may have the effect to extend in some degree a previous statute. Smith Woolen Machinery Co. v. Browne, 206 Pa. 543, is a comparatively recent case on this subject. To the same effect is Greenfield Ave., 191 Pa. 290. Cornman v. Hagginbotham, 227 Pa. 549, is another case. Such a statute is not a revival, amendment or extension of another act bringing it within the prohibition of sec. 6 of art. Ill of the constitution. It is the mere application of an established mode of procedure or course of official conduct to a new thing or person. The soundness of this doctrine is well illustrated in the case before us. A method of road construction was provided for by a general act of assembly applicable to all the townships in the state. The division of the townships into classes was brought about by an enactment which by implication repealed this act as to townships of the first class. It was then deemed expedient by the legislature to apply to the latter class of townships a method of road construction and repair by contract which had formly existed as to all the townships. The act of 1901 brought over to the townships of the first class the mode of procedure established by the act of 1893.
As to the third general objection we think it sufficient to say that the act does not delegate to any special commissioner, private corporation or association any power to interfere with any municipal function. No commission is created nor is any private corporation intrusted with the power to make, supervise or interfere with, any municipal improvement or to perform any municipal function. The contract in question was made with a private individual — a taxpayer. True, it is alleged, he is acting at the instance of one or more corporations which have indemnified him against loss in the execution of the contract, but as between the township and the contractor the undertaking is that of an individual, *284 The constitutionality of the act of 1893 was sustained in Lehigh Valley Coal Co’s. Appeal, 164 Pa. 44, as has been already noticed, and that decision necessarily applies to this feature of the present case.
The order is affirmed.