# Kuss's Case.

*Road law—Taking over township roads by taxpayer—Townships of first class—Acts of June 12, 1893, P. L. 451, and May 24, 1901, P. L. 297.*

The Act of May 24, 1901, P. L. 297, which was a supplement to the Township Act of April 28, 1899, P. L. 104, and which expressly provided that the provisions of the Act of June 12, 1893, P. L. 451, relating to the taking over of township roads by taxpayers should apply to townships of the first class, was not impliedly repealed by the Acts of June 7, 1901, P. L. 510; May 12, 1911, P. L. 307; June 15, 1911, P. L. 987, or May 23, 1913, P. L. 348, nor was it expressly repealed by the Acts of June 10, 1901, P. L. 637; April 22, 1909, P. L. 117, or June 19, 1913, P. L. 541.

The Acts of June 12, 1893, P. L. 451, and May 24, 1901, P. L. 297, are mandatory.     The good faith of the petitioner and the sufficiency of the petition, bond and notice having been established, the entry of a decree directing a contract to be entered into between the petitioner and the commissioners, necessarily follows.

*Statutes—Acts passed at the same session—Repeal.*

Statutes enacted at the same session are to be construed to a certain extent as an entire act and therefore it is said that in

order to make a later enactment repeal a former one passed at the same session there must be an express declaration or an absolute inconsistency; i. e., there is in such case probably a stronger presumption against an intention to repeal which is unexpressed, than in the case of statutes passed at different sessions.

Argued March 2, 1915. Appeal, No. 42, March .T., 1915, by Hanover Township Commissioners, from order of Q. S. Luzerne Co., Nov. Sessions, 1914, No. 367, directing contract as to township roads In re Petition of Frank Kuss. Before RICE, P. J. ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Petition to require the commissioners of Hanover Township to enter into a contract with petitioner for the making, mending and repairing of the public highway and bridges of the townships.

The court made the following order:

Now, December 31, 1914, upon due hearing of this petition and the objections thereto by the court in banc, on evidence and argument, the judges who heard the same do not find the fact of extravagance by the township commissioners, as claimed by the petitioner, but do unanimously find good faith of the petitioner, and sufficient of the petition, bond and notice; and formal decree to make the contract as attached to the petition is accordingly entered in conformity with the act of assembly.                     BY THE COURT, in banc.

                                    FULLER, P. J.
                                    GARMAN.
                                    WOODWARD.

And now, December 31, 1914, the foregoing petition, bond and proof of notice having been presented to said court, and duly fixed on November 30, 1914, after a full hearing at the time and place fixed, being satisfied of the good faith of the petitioner, and the sufficiency of the petition, bond and notice, the court order and direct

Thomas Finnegan, R. D. Greenwalt, William Nancarrow, Frank Balaszius, John Harrison, Peter Bohn and Michael Conway, township commissioners of Hanover Township, forthwith on behalf of said township, to enter into a contract with said petitioner for the ensuing fiscal year, as provided by sections five and six of the Acts of the General Assembly of Pennsylvania, approved June 12,. 1893, entitled "An Act enabling taxpayers of townships and road districts to contract for making at their own expense the roads and paying salaries to township or road officers, and thereby preventing the levy and collection of road tax therein," and of the first section of the Act of Assembly approved May 24, 1901, entitled "An Act entitled a supplement to an Act to provide for the classifications of the townships of the Commonwealth, with respect to their population, into two classes, and to prescribe the form of government for townships of each class," amending the seventh section thereof, and authorizing the township commissioners of townships of the first class to enter into contract with any one or more taxpayers of the township, for making, amending and repairing the public highways and bridges of said township.

By the Court, in banc.


*Error assigned* was the order of the court quoting it.


*C. B. Lenahan,* with him *T. F. McLaughlin,* for appellants.—A subsequent affirmative statute is a repeal, by implication, of a former one made concerning the same matter, if it introduces a new rule upon the subject, it being evidently intended as a substitute for the former law, although it contains no express words repealing it: Johnston's Est., 33 Pa. 511; Somerset Road, 74 Pa. 61; Com. v. McKerdy, 152 Pa. 244; McCleary v. Allegheny County, 163 Pa. 578.

The word "shall" when used by the legislature to prescribe the action of the court is usually a grant of author-

372, (1915).] Arguments—Opinion of the Court.

ity and means "may," and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power: Becker v. Railway Co., 188 Pa. 484.

*John D. Farnham,* for appellee.—Cases which illustrate the disposition of the courts to uphold the presumption against repeal by implication are as follows: Hand v. Fellows, 148 Pa. 456; Com. v. George, 148 Pa. 463; Seaman v. Washington Borough, 172 Pa. 467; Beltzhoover Borough v. Beltzhoover, 173 Pa. 213; West Chester Alley, 160 Pa. 89; Brown v. County Commissioners, 21 Pa. 37; White v. Meadville, 177 Pa. 643; Philadelphia v. Sciple, 31 Pa. Superior Ct. 64.

OPINION BY TREXLER, J., July 21, 1915:

The Act of June 12, 1893, P. L. 451, enables one or more taxpayers of a township or road district to contract for the making, at his or their own expense, of the roads of said township, and the supervisors or road commissioners are thereby relieved of the necessity of collecting any road tax for road purposes therein. The act was declared constitutional in Lehigh Valley Coal Co.'s App., 164 Pa. 44. The Act of April 28, 1899, P. L. 104, divided the townships of the Commonwealth into two classes and conferred certain powers in regard to roads upon the commissioners of first class townships. The Supreme Court in P. & R. C. & I. Co.'s Petition, 200 Pa. 352, held that the township act repealed the Act of June 12, 1893, P. L. 451, as the latter act supplied the former and that the provisions of the two acts were repugnant. The legislature then passed the Act of May 24, 1901, P. L. 294, which was a supplement of the township act of 1899 and expressly provided that the provisions of the Act of 1893 giving the option to taxpayers to take over the township roads should apply to townships of the first class. The question of the constitutionality of the supplemental act was raised in McKeown's

Petition, 51 Pa. Superior Ct. 277; s. c. 237 Pa. 626, by the commissioners of Hanover Twp., the same township which appears in the case now before us, and it was there held that the act was constitutional.

We are now urged to declare the act repealed by subsequent legislation. It is argued that the following acts impliedly repeal the Act of 1901, namely, the Act of June 7, 1901, P. L. 510, authorizing commissioners of first class townships to lay out, widen, and vacate streets at the expense of the township or property benefited. The Act of May 12, 1911, P. L. 307, authorizing said commissioners to grade and improve public streets without petition and providing for the assessment or the apportionment of the costs of the owners of property abutting thereon. The Act of June 15, 1911, P. L. 987, relating to viaducts and bridges of the townships of the first class and providing for condemnation proceedings, etc., and the erection of such viaducts and bridges at the joint expense of the county, or railroad, or other companies. The Act of May 23, 1913, P. L. 348, authorizing commissioners of first class townships to join the county commissioners in the improvement of roads or streets and providing for the costs and assessment upon abutting property.

The following acts are submitted by the appellant as expressly repealing the Act of 1901. The Act of June 10, 1901, P. L. 637, authorizing the grading and improvement of streets and alleys which are in the whole or in part the boundaries of first class townships by joint contract, containing a general repealing clause. The Act of April 22, 1909, P. L. 117, authorizing the commissioners of any first class township to require the paving, curbing and macadamizing of streets and assessing a portion of the costs on the owners of the property abutting thereon, also containing a general repealing clause. The Act of June 19, 1913, P. L. 541, providing for a joint action with the county commissioners in the improvement of the streets in first class townships and as-

sessment of part of the cost upon abutting property, also containing a general repealing clause.

When the legislature, after the passage of the Act of 1899, classifying townships, provided by the supplementary Act of 1901, that the law of 1893 above referred to should apply to first class townships, it manifested its intention very plainly that whatever the general powers conferred upon first class townships might be, it nevertheless wished the privilege afforded by the Act of 1893 to remain to taxpayers who were willing to relieve a township of the care of its roads. Whatever inconsistencies might appear between the two methods, the legislature in its wisdom declared that they should exist together and that the one could be effective and the other thereby suspended. Any legislation subsequent to the supplementary Act of 1901 in regard to the exercise of the powers of townships maintaining roads was subject to the provisions that the township's authority might at any time be ousted by resort to the Act of 1893. We need not review all the provisions of the acts above cited as repealing the Act of 1901. All of them refer to certain details or methods that come under the general powers granted to commissioners of first class townships, in regard to the roads under the township Act of 1899. There is no more incongruity between the acts which are cited by counsel for appellant and above referred to and the Act of 1901 than there is between the original township Act of 1899 and the Act of 1901. Two independent systems are recognized by the legislature and granting this, any legislation in regard to the one system cannot be held to repeal the other unless the legislation is of such character as to expressly repeal the Act of 1901 or as to render the existence of both systems impossible. In construing the legislation in regard to the laws of first class townships we have ever present with us the alternative method of taking care of the roads which is afforded by the supplementary Act of 1901. The usual method of course is that which com-

mits the care of the roads and the opening and main-
tenance of them to the township authorities, but when
the Act of 1901 is invoked by a taxpayer then the bur-
den in regard to the roads is shifted to him.   Both sys-
tems can stand.   The latter takes the place of the former,
when the Act of 1901 is resorted to.   If the two systems
are not repugnant, the repealing clauses contained in
the last three acts referred to by the appellant, do not
affect the question.   We also note that two of said acts
were passed at the same session of the legislature at
which the Act of 1901 was passed.   "Statutes enacted at
the same session are to be construed to a certain extent
as an entire act, and therefore it is said that in order
to make a later enactment repeal a former one passed at
the same session there must be an express declaration or
an absolute inconsistency; i. e., there is in such case
probably a stronger presumption against an intention to
repeal which is unexpressed than in the case of statutes
passed at different sessions": Philadelphia v. Sciple, 31
Pa. Superior Ct. 64.

The legislature having thus recognized two methods
of administration in regard to roads, any subsequent
legislation must be considered in relation to the course
which the legislature has already taken and the Act of
1901 would not be repealed unless such conclusion were
inevitable either by reason of absolute repugnance of
the acts, or languages expressly repealing it.

Appellant further contends that the Act of 1893, ex-
tended to the Act of 1899 by the Act of May 24, 1901, as
well as of the latter act, is merely directory.   The judges
who heard the case below in their order, state, "We do
not find the fact of extravagance by the township com-
missioners as claimed by the petitioner, but do unani-
mously find good faith of the petitioner, and sufficiency
of the petition, bond and notice, and formal decree to
make the contract as attached to the petition is accord-
ingly entered in conformity with the act of assembly."
There is nothing in the decree which properly raises the

question. The form of decree would fit whether it were an exercise of judicial discretion or merely an administrative act of the court. However if we refer to the Act of 1893, we find that in section 1, any one or more taxpayers may acquire the right to furnish materials and labor necessary for the opening, making, mending and repairing of public highways and bridges in the township. The word "may" is used because the presenting of the application, is optional with the taxpayers. The act then provides for a petition to the Court of Quarter Sessions, in which the petitioner expresses the desire of acquiring the right of taking charge of the public highways and bridges of said township and tenders a bond. Section 5 provides that upon said petition, bond and proof of notice required in the preceding section hereof being presented to said court, the court being satisfied of the good faith of the petitioner and the sufficiency of the petition, bond and notice "shall" order and direct the supervisors......to enter into a contract. We think the act is plain; that the judgment of the court is to be exercised as to the good faith of the petitioner, and the sufficiency of the petition and bond, and the fact that the proper notice has been given. When all these essential elements are found to be present, the court shall order the entering into a contract by the commissioners and the petitioners. The language of the Act of May 24, 1901, supra, extending the provisions of the Act of June 12, 1893, to first class townships, provides that after application is made to the Court of Quarter Sessions, the township commissioners of such township are authorized and required to enter into such contract as provided by the Act of 1893. We see nothing in the language of this act which would lead us to say that the provisions of the act are directory only. The adverse criticism of the acts that their purpose is contrary to American tradition and political personal rights and self-government, have nothing to do with the question since our appellate courts have decided that the legislature, when it passed the

acts were within the powers given to it by the Constitution. The question resolves itself into a consideration of the language of the acts. There is no reason to construe the words "shall" and "required" as expressing anything else than their usually accepted meaning. We think the language of the acts is mandatory and that the courts having found the good faith of the applicant and the sufficiency of the petition, bond and notice, the entering of the decree necessarily followed.

All the assignments of error are overruled and the decree of the court is affirmed at the cost of the appellant.